# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RODERICK LEWIS, | : | |
|       Plaintiff | : | DOCKET NO.: |
| | : | |
| VS. | : | |
| | : | |
| CITY OF WEST HAVEN | : | |
| CHIEF OF POLICE JOHN KARAJANIS | : | |
| OFFICER SCOTT BLOOM | : | |
| OFFICER MICHAEL WOLF | : | |
|       Defendants | : | SEPTEMBER 19, 2011 |

## COMPLAINT

This action is brought pursuant to 42 U.S.C. section 1983 to redress the deprivation of rights secured by the Constitution and federal law against the Plaintiff, RODERICK LEWIS, by Defendants, Police Officers of the City of West Haven Police Department. The Plaintiff alleges excessive and unreasonable force in violation of the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and deprivation of the Plaintiff's liberty without due process of law, in violation of the Fourteenth Amendment.

Plaintiff also asserts state law claims alleging violations of the Connecticut Constitution Article First, sections 7 and 9; assault, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and municipal liability pursuant to Connecticut General Statute Sections 52-557n and 7-465.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims for deprivation of constitutional rights under 28 U.S.C. Sections 1331 and 1343; under 42 U.S.C. Sections 1983 and 1988; and this Court has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because: (1) all defendants reside with the judicial district, and (2) all the events giving rise to this Complaint occurred in this judicial district.

### II. PARTIES

3. The Plaintiff RODERICK LEWIS is a resident of Connecticut residing in West Haven, Connecticut.

4. The Defendant, CITY OF WEST HAVEN, is a municipality in the County of New Haven created and existing as a political subdivision of and in the State of Connecticut.

5. The Defendant, the Chief of West Haven Police, JOHN KARAJANIS, is the Chief of the West Haven Police Department, having his principal business address at 200 Saw Mill Road, West Haven, Connecticut and acted under color of law, statute, ordinance, regulation, custom or

usage of the State of Connecticut. Chief JOHN KARAJANIS is being sued in his official and individual capacity.

6. The Defendant, Police Officer, SCOTT BLOOM, is and was at all times relevant hereto a police officer of the West Haven Police Department, having his principal business address at 200 Saw Mill Road, West Haven, Connecticut and acted under color of law, statute, ordinance, regulation, custom or usage of the State of Connecticut. Police Officer SCOTT BLOOM is being sued in his official and individual capacity.

7. The Defendant, Police Officer Michael Wolf, is and was at all time relevant hereto a police officer of the West Haven Police Department, having his principal business address at 200 Saw Mill Road, West Haven, Connecticut and acted under color of law, statute, ordinance, regulation, custom or usage of the State of Connecticut. Police Officer Michael Wolf is being sued in his official and individual capacity.

### III. ALLEGATIONS AND FACTS

8. On or about October 7, 2010, at 02:25 a.m., the plaintiff, RODERICK LEWIS, was lawfully walking on Elm Street in the City of West Haven.

9. At said time and place, Police Officer Bloom was on duty as a West Haven police officer and approached the Plaintiff.

10. Police Officer Bloom and the Plaintiff exchanged verbal remarks at which time Police Officer Bloom attempted to apprehend the Plaintiff.

11. The Plaintiff fell to the ground and turned onto his stomach into a defenseless position, surrendering to Police Officer Bloom's commands.

12. Once in a defenseless position, Police Officer Bloom handcuffed the Plaintiff's hands behind his back.

13. While apprehended and in a defenseless position, Police Officer Bloom's assigned K-9 (hereinafter "Onyx"), without warning, seized and bit the Plaintiff.

14. While handcuffed and defenseless, Onyx continued to bite, scratch, and/or gnarl at Plaintiff's legs.

15. Despite Plaintiff screaming out in extreme pain, Police Officer Bloom did nothing to stop Onyx from continuing to bite, scratch, and/or gnarl at Plaintiff's legs.

16. After the Plaintiff sustained severe injuries, Police Officer Bloom commanded Onyx to stop biting, scratching, and/or gnarling at the Plaintiff legs.

17. Soon after an ambulance brought the Plaintiff to Milford Hospital where he received medical treatment for his injuries.

**COUNT I:   Excessive and Unreasonable Force and Illegal Seizure Pursuant to 42 U.S.C. Section 1983 as to Police Officer Bloom:**

1-17.   Paragraphs 1 through 17 are hereby incorporated as paragraphs 1 through 17 of this Count One.

18.   Based upon the aforementioned, Police Officer Bloom used excessive and unreasonable force and illegal seizure in his detention of the Plaintiff.

19.   As a result of excessive and unreasonable force and illegal seizure used by Police Officer Bloom the Plaintiff sustained severe cuts, bruises, scratches, and puncture wounds to his left and right legs, suffered and continues to suffer mental and psychological anguish and anxiety, and caused him to be deprived of rights secured by the United States Constitution in one or more of the following ways:

   a. IN THAT Police Officer Bloom use of Onyx constitutes an illegal seizure in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

   b. IN THAT Police Officer Bloom used an excessive and unreasonable amount of force against the Plaintiff in that he permitted Onyx to bite, scratch, and/or gnarl at the Plaintiff's left and right legs such that the Plaintiff sustained severe cuts, bruises, scratched, and puncture wounds in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

5

    c. IN THAT Police Officer Bloom used an excessive and unreasonable amount of force against the Plaintiff in that he permitted Onyx to bite, scratch, and/or gnarl at the Plaintiff's body despite the fact that the Plaintiff was handcuffed and lying on his back in a defenseless position in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

    d. IN THAT Police Officer Bloom acted toward the Plaintiff with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

**COUNT II: Violation of Connecticut State Constitution as to Police Officer Bloom:**

1-19. Paragraphs One through Nineteen of Count One are hereby incorporated as Paragraphs One through Nineteen of this Count Two.

20. Police Officer Bloom unlawfully deprived the Plaintiff of rights secured to him by the Connecticut Constitution in violation of Article First, section 7 and 9 of the Connecticut Constitution.

**Count III: Assault as to Police Officer Bloom:**

1-17. Paragraphs One through Seventeen of Count One are hereby incorporated as Paragraphs One through Seventeen of this Count Three.

18. Police Officer Bloom, through the use of Onyx, forcefully restrained and threatened the Plaintiff with the intention of placing the Plaintiff in apprehension of imminent serious bodily harm or death.

6

19. Police Officer Bloom, through the use of Onyx, intended to touch and did in fact touch the Plaintiff's person in an offensive and harmful manner.

20. As a result of the conduct of Police Officer Bloom, the Plaintiff was in fact put in apprehension of imminent serious bodily harm or death.

21. Police Office Bloom' conduct constituted an assault and battery upon the Plaintiff.

22. The Plaintiff sustained severe cuts, bruises, scratches, and puncture wounds as the direct and proximate result of said assault.

23. On or about December 15, 2010, the Plaintiff provided written notice of his claims pursuant to section 7-101a and 7-465 of the Connecticut General Statutes.

**COUNT IV: Negligence as to Police Officer Bloom:**

1-17. Paragraphs One through Seventeen of Count One are hereby incorporated as Paragraphs One through Seventeen of this Count Four.

18. Police Officer Bloom failed to observe the ordinary and customary standard of care in the apprehension and detention of a criminal suspect.

20. Police Officer Bloom was negligent in one or more of the following ways:

7

a. IN THAT he failed or refused to command Onyx to cease attacking the Plaintiff once the Plaintiff was detained and handcuffed and posed no threat to himself or others;

b. IN THAT he failed or refused to act to prevent Onyx from attacking and biting the Plaintiff without legal cause or justification;

c. IN THAT he failed or refused to act to prevent Onyx from attacking the Plaintiff when he knew or should have known that failure to do so would result in harm to the Plaintiff;

d. IN THAT he used excessive and unreasonable force against the Plaintiff and failed or refused to act to prevent Onyx from using excessive and/or unreasonable force against the Plaintiff when the Plaintiff was not resisting arrest or attempting to evade by flight;

e. IN THAT he failed or refused to use proper use and/or control of Onyx in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

f. IN THAT he failed or refused to use the degree of force that is reasonable to apprehend or secure the Plaintiff when the Plaintiff was not actively resisting arrest or attempting to evade by flight;

g. IN THAT he failed or refused to use the degree of force that is reasonable for the protection and safety of the canine handler, other police officers and/or civilians;

h. IN THAT he failed and/or used unreasonable force in violation of the customary policy, regulations or usage;

i. IN THAT he failed or refused to warn the Plaintiff that Onyx would attack.

8

21. As a proximate and foreseeable result of the Police Officer Bloom's negligence and/or carelessness the Plaintiff sustained the following injuries, some of which may be permanent, and incurred damages for which the Police Officer Bloom is liable:

    a. Abrasions/lacerations to the right upper extremity;

    b. Abrasions/lacerations and puncture wound to the left leg;

    c. Abrasions/lacerations and puncture wounds to the right leg;

    d. Bruising to both left and right legs;

    e. Permanent scaring to both his left and right legs;

    f. Pain, suffering, and emotional upset.

22. As a further direct and proximate result of Police Officer Bloom's negligence and carelessness, Plaintiff has been and continues to be deprived of the ability to enjoy and continue his normal daily activities and may suffer from the injuries incurred in this accident for the rest of his life, all to his detriment.

23. As a further direct and proximate result of Police Officer Bloom's negligence and carelessness the Plaintiff has been forced to incur medical expenses and may incur medical expenses in the future all to his financial detriment.

24. On or about December 15, 2010, the Plaintiff provided written notice of his claims pursuant to section 7-101a and 7-465 of the Connecticut General Statutes.

**Count V.   Negligent Infliction of Emotional Distress as to Police Officer Bloom:**

1-24. Paragraphs One through Twenty Four of Count Four are hereby incorporated as Paragraphs One through Twenty Four of this Count Five.

25. Police Officer Bloom knew or should have known that his acts and omissions as alleged herein involved an unreasonable risk of causing emotional distress to the Plaintiff.

26. As a direct and proximate result of said acts or omissions, the Plaintiff suffered emotional distress.

**Count VI.   Intentional Infliction of Emotional Distress as to Police Officer Bloom:**

1-17. Paragraphs One through Seventeen of Count One are hereby incorporated as Paragraphs One through Seventeen of this Count Six.

18. Police Officer Bloom intended to inflict severe emotional distress to the Plaintiff and he knew or should have known or acted with an intentional disregard of known facts such that his acts or omissions would result in severe emotional distress to the Plaintiff.

19. The actions and/or omissions of Police Officer Bloom were extreme and outrageous.

20. As a direct and proximate result of said acts or omissions, the Plaintiff suffered emotional distress.

21. On or about December 15, 2010, the Plaintiff provided written notice of his claims pursuant to section 7-101a and 7-465 of the Connecticut General Statutes.

**Count VII:   Excessive Force, false imprisonment and illegal seizure Pursuant to 42 U.S.C. Section 1983 as to Police Officer Wolf:**

1-7. Paragraphs One through Seven of Count One are hereby incorporated as Paragraphs One through Seven in this Count Seven.

8. On or about June 9, 2009, Plaintiff was a passenger in a vehicle that was traveling on Main Street in the City of West Haven.

9. On said date, said vehicle was stopped by the West Haven Police Department.

10. Police Officer Wolf, ordered the Plaintiff to step out of the vehicle.

11. Police Officer Wolf handcuffed the Plaintiff and placed the Plaintiff in a squad car while Police Officer Wolf searched the stopped vehicle.

11

12. Police Officer Wolf arrested the driver of the vehicle for possession of narcotics.

13. Police Officer Wolf then ordered the Plaintiff out of the squad car and pushed the Plaintiff up against the vehicle.

14. Plaintiff refused to submit Police Officer Wolf's order at which time Police Officer Wolf grabbed the Plaintiff by the throat and told the Plaintiff that he did not have a choice.

15. While on a public street, Police Officer Wolf then stood behind the Plaintiff, while the Plaintiff was handcuffed, and reached down into the backside of Plaintiff's pants and searched the Plaintiff's buttock with his finger(s).

16. While searching the Plaintiff's buttocks, Plaintiff told Police Officer Wolf that he was hurting him.

17. Police Officer Wolf responded by making homosexual comments and saying "you know you like it."

18. After searching the Plaintiff's buttocks with his finger(s), Police Officer Wolf grabbed the Plaintiff by the throat and stuck the same finger(s) that he used to search Plaintiff's buttock into Plaintiff's mouth and asked Plaintiff "how did it taste?"

19. Police Officer Wolf's search for drugs upon the Plaintiff's person

was fruitless and he was released.

20.     The loss of liberty and excessive force and unreasonable force used by Police Officer Wolf caused the Plaintiff to suffer mental and psychological harm and anxiety and caused him to be deprived of rights secured by the United States Constitution in one or more of the following ways:

> a. IN THAT Police Officer Wolf used an excessive and unreasonable amount of force against the Plaintiff, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;
>
> b. IN THAT Police Officer Wolf used an excessive and unreasonable amount of force against the Plaintiff in that he performed a cavity search without probable cause in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;
>
> c. IN THAT Police Officer Wolf used an excessive and unreasonable amount of force against the Plaintiff by performing a cavity search and then placing his fingers into the Plaintiff's mouth in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;
>
> d. IN THAT Police Officer Bloom acted toward the Plaintiff with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution;

  e. IN THAT Police Officer Wolf's actions constitute a loss of physical liberty/false imprisonment in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

  f. IN THAT Police Officer Wolf's aforementioned actions violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person.

**Count VIII as to the City of West Haven Chief of Police John Karajanis:**

 1-19. Paragraphs One through Nineteen of Count One are hereby incorporated as Paragraphs One through Nineteen of this Count Eight.

 20-40. Paragraphs One through Twenty of Count Two are hereby incorporated as Paragraphs Twenty through Forty of his Count Eight.

 41-64. Paragraphs One through Twenty Three of Count Three are hereby incorporated as Paragraphs Forty One through Sixty Four of this Count Eight.

 65-89. Paragraphs One though Twenty Four of Count Four are hereby incorporated as Paragraphs Sixty Five through Eighty Nine of this Count Eight.

 90-116. Paragraphs One through Twenty Six of Count Five are hereby incorporated as Paragraphs Ninety through One Hundred and Sixteen of this Count Eight.

117-137. Paragraphs One through Twenty of Count Six are hereby incorporated as Paragraphs One Hundred and Seventeen through One Hundred and Thirty Seven of this Count Eight.

138-157. Paragraphs One through Nineteen of Count Seven are hereby incorporated as Paragraphs One Hundred and Thirty Eight through One Hundred and Fifty Seven of this Count Eight.

158. On June 11, 2009, Plaintiff filed a written Citizen Complaint Statement Form with the Department of Police Services in the City of West Haven. Said Citizen Complaint Statement Form was signed under oath by the Plaintiff and received by a sergeant #91 of the West Haven Police Department.

159. At all times relevant hereto, the Police Officer Bloom and Police Officer Wolf were under the command, control, and direction of the City of West Haven Police Department and its Chief, John Karajanis.

160. Chief Karajanis failed to secure the Plaintiff, unlawfully deprived the Plaintiff, or caused the Plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution and 42 U.S.C. Section 1983 and 1988 in one or more of the following ways:

    a.    IN THAT he failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of person by police officers of the West Haven Police Department.

b. IN THAT he failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by police officers of the West Haven Police Department;

c. IN THAT he failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Police Officer Bloom and Police Officer Wolf in the performance of their duties and conduct towards persons;

d. IN THAT he failed or refused to recognize the dangerous and violent propensities of Police Officer Bloom and Police Officer Wolf toward the Plaintiff and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

e. IN THAT he failed or refused to adequately train Police Officer Bloom in the proper use, control and/or command of Onyx;

f. IN THAT he failed or refused to recognize when he knew or should have known the dangerous and violent propensities of Onyx and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

g. IN THAT he failed or refused to investigate Police Officer Wolf regarding the Plaintiff's citizen complaint against Police Officer Wolf in that Police Officer Wolf performed a cavity/strip search of the Plaintiff without any probable cause and/or justification;

h. IN THAT he failed or refused to properly enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding investigating citizen's complaints against West Haven Police officers.

16

161. The personal injuries and losses complained of by Plaintiff are the direct and proximate result of such failure by Chief Karajanis.

**Count IX as to the City of West Haven as for Negligence of its Agents and Employees Pursuant to CT Gen Stat. Section 52-557n:**

1-161. Paragraphs One through One Hundred and Sixty One of Count Eight are hereby incorporated as Paragraphs One through One Hundred and Sixty of this Count Nine.

162. At all times relevant hereto Police Officer Bloom, Police Officer Wolf and Chief of Police Karajanis were acting as agents and employees of the City of West Haven in the performance of ministerial acts and duties.

163. The City of West Haven is liable for the actions and conduct pursuant to Conn. Gen. Stat. Section 52-557n(a)(1)(A) for the negligent acts or omissions of its agents, apparent agents or other employees who were acting within the scope of their employment or official duties at the time of these events.

**Count X as to the City of West Haven for Indemnification Pursuant to Conn. Gen. Stat. Section 7-465:**

1-163. Paragraphs One through One Hundred and Sixty Three of Count Nine are hereby incorporated as Paragraphs One through One Hundred and Sixty Three this Count Ten.

164. The defendant, City of West Haven, is liable to pay all sums

which the individual defendants may become obligated to pay by reason of the liability imposed pursuant to General Statute Section 7-465.

**(INTENTIONALLY LEFT BLANK)**

**WHEREFORE,** Plaintiff RODERICK LEWIS claims:

1. Money damages;

2. Punitive damages;

3. Attorney fees and costs pursuant to 42 U.S.C. Section 1988;

4. Punitive damages pursuant to 42 U.S.C. Section 1983;

5. Indemnification pursuant to Conn. Gen. Stat. Section 7-465; and

6. Such other relief in law or equity as the Court may deem appropriate.

> THE PLAINTIFF,
> RODERICK LEWIS,
>
> By: /s/Stuart Hawkins
> Stuart Hawkins, Esq.
> SHEPRO & HAWKINS, LLC
> 2051 Main Street
> Stratford, CT  06615
> Telephone (203) 377-0770
> Fed. Bar. No.:  CT ct26629

## JURY TRIAL DEMAND

The Plaintiff, RODERICK LEWIS hereby demands a jury trial on all Counts of this Complaint.